UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPTAIN CORRY JEB KUCIK, MC, USN (Ret.),<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES MARINE CORPS; and<br>UNITED STATES OF AMERICA,<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff CAPT Corry Jeb Kucik, Medical Corps, U.S. Navy (Ret.) ("Plaintiff"), by and through undersigned counsel, brings this Complaint against Defendant United States Marine Corps ("USMC") and Defendant United States of America (collectively "Defendants"), and alleges as follows:

### I. INTRODUCTION

1. This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a, to compel Defendants to release records that have been unlawfully withheld from Plaintiff, despite his timely and detailed requests submitted on December 5, 2024.

2. Plaintiff served as the first oversight medical officer at Guantanamo Bay ("GTMO") under statutory mandates in the National Defense Authorization Act ("NDAA") for Fiscal Years 2020 and 2021 and under the authority of the Office of the Secretary of Defense ("OSD"), Assistant Secretary of Defense ("ASD") for Health

Affairs. In that capacity, Plaintiff produced an oversight report on detainee medical operations that allegedly provoked significant displeasure at U.S. Southern Command ("SOUTHCOM").

3. After concluding his GTMO tour, Plaintiff was transferred to Marine Forces Reserve ("MARFORRES")/Marine Forces South ("MARFORSOUTH"), a dual-hatted command. Almost immediately, Plaintiff contends that officials at MARFORRES/MARFORSOUTH, influenced by SOUTHCOM, undertook a series of retaliatory measures against him for his GTMO oversight report. These measures reportedly included the issuance of baseless Nonpunitive Letters of Caution ("NPLOCs"), denial of expected awards, and threats to his support staff's orders.

4. Through his December 5, 2024, FOIA and Privacy Act requests (attached as **Exhibits 1 and 2** and incorporated to this Petition by reference), Plaintiff seeks to obtain records vital to understanding these actions and ensuring the public is informed about the treatment of military medical officers tasked with statutory oversight duties. Defendants have failed to respond within the time required by law, effectively denying Plaintiff the records to which he is entitled.

## II.   JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(1), and 28 U.S.C. §§ 1331, 1346.

6. Venue is proper in this judicial district under 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(5), and 28 U.S.C. § 1391(e), as Defendants maintain their principal offices in the District of Columbia and the requested records are believed to be located therein.

## III.    PARTIES

7. Plaintiff CAPT Corry Jeb Kucik is a retired U.S. Navy Medical Corps officer. He resides in the State of Louisiana. Plaintiff previously served at GTMO as an oversight medical officer and thereafter was assigned to MARFORRES/MARFORSOUTH, where he alleges to be subjected to retaliatory actions.

8. Defendant United States Marine Corps is a component of the Department of the Navy, a federal agency subject to FOIA and the Privacy Act.

9. Defendant United States of America is named as a necessary party under 5 U.S.C. §§ 552(a)(4)(B) and 552a(g)(1).

## IV.    FACTUAL BACKGROUND

### A. Plaintiff's Oversight Role and Alleged Retaliation

10. Pursuant to the NDAA for FY 2020 (Pub. L. No. 116-92) and NDAA for FY 2021 (Pub. L. No. 116-283), Plaintiff was assigned to GTMO to oversee detainee medical operations, producing an oversight report that SOUTHCOM allegedly viewed with significant disfavor.

11. Upon reassignment to MARFORRES/MARFORSOUTH, Plaintiff learned that "SOUTHCOM was pissed" about the findings and recommendations in his GTMO oversight report. He contends that officials at MARFORRES/MARFORSOUTH took steps—on SOUTHCOM's behalf—to punish him for his prior work, including:

- **Issuing questionable NPLOCs** (in March 2023 and August 2023);
- **Denying him end-of-tour awards** otherwise routinely granted;

- **Scrutinizing official travel** to Colombia in Spring 2023; and
- **Threatening his support staff** with non-renewal of orders if they supported or defended him.

12. These allegations led Plaintiff to file detailed FOIA and Privacy Act requests on December 5, 2024, seeking records concerning administrative actions and communications that would illuminate the rationale behind these adverse measures.

B. **Plaintiff's December 5, 2024 Privacy Act Request**

13. On December 5, 2024, Plaintiff (through counsel) submitted a Privacy Act request ("PA Request") via the SecureRelease Portal to the USMC, specifically addressed to MARFORRES/MARFORSOUTH. The PA Request sought, in sum:

- Personnel Records:

    a) Full personnel files for CAPT Kucik, including fitness reports, performance evaluations, and any records concerning administrative actions.

    b) Copies of the August 29, 2023 NPLOC and all related records (including underlying evidence and communications).

- Manpower and Awards Records:

    a) All records regarding the submission, processing, reconsideration, or approval/denial of awards for CAPT Kucik, including correspondence involving Col Catherine Sumruld.

    b) Documentation of manpower actions or policies affecting CAPT Kucik, including communications discussing his status or assignments.

- Communications:

    a) All emails, text messages, and internal communications referencing CAPT Kucik by or with:
        o LtGen David Bellon
        o SES-2 Gregg Habel
        o Col Dennis Sanchez

4

   o Col Joseph Katz

- Travel and Financial Records:

    a) Any records pertaining to CAPT Kucik's Defense Travel System ("DTS") submissions and approvals, including specific travel to Colombia in March 2023, and any funding decisions for his official duties.

- GTMO-Related Records:

    a) Any records referencing GTMO-related reports or recommendations authored or contributed to by CAPT Kucik.

14. Plaintiff's counsel provided a declaration under 28 U.S.C. § 1746 attesting to authority to make this request on Plaintiff's behalf and verifying identity.

15. Despite the Privacy Act's requirement for agencies to respond within a reasonable time, no determination, acknowledgment, or substantive response has been received by January 14, 2025—over 40 days since the request was submitted.

**C. Plaintiff's December 5, 2024 FOIA Request**

16. Concurrently, on December 5, 2024, Plaintiff (through counsel) submitted a FOIA Request ("FOIA Request") via SecureRelease to the USMC, specifically addressing the same command structure (MARFORRES/MARFORSOUTH). This request detailed:

- Records Regarding Awards and Manpower Actions:

    a) All policies, directives, or memoranda governing the processing of CAPT Kucik's End of Tour and retirement award, including any communications about submission or reconsideration.

5

- Operational and Administrative Records:

    a) All records concerning CAPT Kucik's dual roles as Force Surgeon (MARFORRES/SOUTHCOM) and Anesthesiology Specialty Leader.

    b) Guidance, correspondence, or directives related to Global Health Engagement activities (e.g., UNITAS '23, VR/Extended Reality trauma collaborations).

- Specific Records Related to GTMO:

    a) Reports authored or contributed to by CAPT Kucik about GTMO detainee conditions, health assessments, or operational recommendations.

    b) Any correspondence mentioning or referencing CAPT Kucik's GTMO work, including inter-agency communications.

- Travel and Budgetary Documentation:

    a) DTS submissions, approvals, or denials for CAPT Kucik's travel in the last five years, including the trip to Colombia in Spring 2023.

    b) Budgetary records or correspondence concerning the allocation of funds for his official travel.

- General Communications:

    a) All emails, memoranda, or text messages involving or referencing CAPT Kucik, including communications by or among:

        o LtGen David Bellon
        o SES-2 Gregg Habel
        o Col Dennis Sanchez
        o Col Catherine Sumruld
        o Col Joseph Katz

17. Plaintiff requested a fee waiver, emphasizing the significant public interest in understanding how military administrative practices and operational oversight function, particularly regarding dual-role officers involved in GTMO oversight.

6

18. Under FOIA, agencies must issue an acknowledgment and a substantive determination within 20 business days. As of January 14, 2025—27 business days after the request—Plaintiff has received no determination, production, or correspondence from Defendants.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

19. FOIA Constructive Exhaustion: More than 20 business days have passed since Plaintiff's December 5, 2024 FOIA Request, and no response or substantive determination has been provided. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57 (D.C. Cir. 1990), Plaintiff has constructively exhausted his administrative remedies under FOIA.

20. Privacy Act Constructive Exhaustion: Over 40 days have passed since Plaintiff submitted his December 5, 2024 Privacy Act request. Defendants are obligated to respond within a reasonable time, yet no acknowledgment or disclosure has occurred. Plaintiff has thus constructively exhausted his remedies under 5 U.S.C. § 552a(g)(1). *See Dick v. Holder*, 67 F. Supp. 3d 167, 188 (D.D.C. 2014).

21. Defendants' failure to act under both statutes deprives Plaintiff of timely access to records necessary to investigate alleged retaliatory measures taken against him and infringes on the public's right to transparency in military administrative practices and oversight responsibilities.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Violation of the Freedom of Information Act**

22. Plaintiff re-alleges and incorporates by reference the preceding

paragraphs as though fully set forth herein.

23. By failing to respond and by withholding records requested under the FOIA, Defendants violate 5 U.S.C. § 552(a)(3) and 5 U.S.C. § 552(a)(6)(A).

24. Defendants have neither produced records nor claimed any FOIA exemptions within the statutory time limit. Their refusal to provide the requested records is improper and has caused harm to Plaintiff's ability to understand the actions taken against him and to inform the public about these matters of significant interest.

## SECOND CLAIM FOR RELIEF
### Violation of the Privacy Act

25. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

26. Under 5 U.S.C. § 552a(d)(1), agencies must provide individuals access to records pertaining to them within a reasonable time. Defendants have failed to do so despite Plaintiff's proper request and identity verification.

27. Defendants' inaction hinders Plaintiff's ability to correct any errors or omissions in his record, investigate the baseless NPLOCs and other retaliatory actions, and ensure his rights under the Privacy Act are upheld.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff CAPT Corry Jeb Kucik, Medical Corps, U.S. Navy (Ret.) respectfully requests that this Court:

  A. Declare that Defendants' failure to respond to Plaintiff's December 5, 2024 FOIA and Privacy Act requests violates both 5 U.S.C. § 552 and 5 U.S.C. § 552a;

  B. Order Defendants, by a date certain, to conduct adequate and good-faith searches for all records responsive to Plaintiff's FOIA and Privacy Act requests, and to produce all non-exempt records (or non-exempt portions thereof);

  C. Enjoin Defendants from withholding any non-exempt records responsive to Plaintiff's requests;

  D. Order Defendants to conduct a classification review of any records maintained on classified systems, ensuring that all unclassified information is appropriately released and not improperly withheld;

  E. Award Plaintiff reasonable attorney's fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) and 5 U.S.C. § 552a(g)(3)(B); and

  F. Grant any other relief this Court deems just and proper, including but not limited to requiring Defendants to implement corrective measures to avoid future delays in responding to FOIA and Privacy Act requests.

  Dated: December 14, 2024.

Respectfully Submitted,

ALLEN VELLONE WOLF HELFRICH & FACTOR P.C.

By: */s/ Jason R. Wareham*
    Jason r. Wareham (D.C.D.C. Bar No. 1658988)
    1600 Stout Street, Suite 1900
    Denver, Colorado 80202
    (303) 534-4499
    JWareham@allen-vellone.com

    COUNSEL FOR PLAINTIFF